**United States District Court**
For the Northern District of California

1

2

3

4

5          IN THE UNITED STATES DISTRICT COURT

6          FOR THE NORTHERN DISTRICT OF CALIFORNIA

7

8   WORLD HEALTH AND EDUCATION            No. C 08-5495 SI
    FOUNDATION,
9                                         **ORDER GRANTING DEFENDANT'S**
              Plaintiff,                  **MOTION TO DISMISS AND GRANTING**
10                                        **PLAINTIFF LEAVE TO AMEND**
        v.                                **COMPLAINT**
11
    CAROLINA CASUALTY INSURANCE
12  COMPANY,

13            Defendant.
                                     /
14

15

16          Now before the Court is defendant's motion to dismiss the complaint.  Pursuant to Civil Local

17  Rule 7-1(b), the Court determines that the matter is appropriate for resolution without oral argument.

18  For the reasons set forth below, the Court GRANTS the motion and GRANTS plaintiff leave to amend

19  the complaint.

20

21                                  **BACKGROUND**

22          Plaintiff World Health and Education Foundation ("WHEF" or "plaintiff") has been insured by

23  defendant Carolina Casualty Insurance Company ("CCIC" or "defendant") for several consecutive

24  policy periods from 2005 to the present.  The relevant policy period is April 4, 2007 to April 4, 2008.

25          On April 30, 2007, Joe Martin filed a lawsuit against WHEF ("the Martin Litigation").  WHEF

26  alleges that it was served with the summons and complaint on or about September 12, 2007, and that

27

28

1    it reported the lawsuit to CCIC on or about April 28, 2008.[1]  CCIC refused to defend WHEF in the

2    Martin Litigation on the ground that WHEF had not timely reported the claim to CCIC.  WHEF then

3    filed this suit in state court against defendant for declaratory relief, breach of insurance contract, and

4    breach of the duty of good faith and fair dealing.  Defendant removed the case to this Court pursuant

5    to its diversity jurisdiction on December 8, 2008.  On December 19, 2008, defendant filed a motion to

6    dismiss for failure to state a claim under Fed. Rule of Civ. Proc. 12(b)(6).

7

8                                            **LEGAL STANDARD**

9         Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it

10   fails to state a claim upon which relief can be granted.  The question presented by a motion to dismiss

11   is not whether the plaintiff will prevail in the action, but whether the plaintiff is entitled to offer

12   evidence in support of the claim.  *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other*

13   *grounds by Davis v. Scherer*, 468 U.S. 183 (1984).

14        In answering this question, the Court must assume that the plaintiff's allegations are true and

15   must draw all reasonable inferences in the plaintiff's favor.  *See Usher v. City of Los Angeles*, 828 F.2d

16   556, 561 (9th Cir. 1987).  However, the Court is not required to accept as true "allegations that are

17   merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *St. Clare v. Gilead*

18   *Scis., Inc. (In re Gilead Scis. Sec. Litig.)*, 536 F.3d 1049, 1055 (9th Cir. 2008).  To survive a Rule

19   12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is

20   plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1974, 167 L. Ed. 2d

21   929 (2007).  While courts do not require "heightened fact pleading of specifics," a plaintiff must provide

22   "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will

23   not do."  *Id.* at 1965, 1974.  Plaintiff must allege facts sufficient to "raise a right to relief above the

24   speculative level." *Id.* at 1965.

25        If the Court dismisses the complaint, it must then decide whether to grant leave to amend. The

26

27        [1]  The Court has reviewed the docket in the underlying Martin litigation and notes that WHEF
     filed its answer to the April 30 Martin complaint on June 20, 2007, three months before WHEF alleges
28   it was even served with the complaint.  WHEF also filed a cross-complaint against Martin on June 19,
     2007.

United States District Court
For the Northern District of California

1   Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request

2   to amend the pleading was made, unless it determines that the pleading could not possibly be cured by

3   the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir.2000) (citations and internal

4   quotation marks omitted).

5

6                                                   **DISCUSSION**

7          Defendant contends that plaintiff cannot state a claim because the allegations of the complaint

8   and the terms of the insurance policy demonstrate that plaintiff did not timely report the Martin litigation

9   to defendant.  The parties dispute whether plaintiff timely reported the claim under the "Extended

10  Reporting Period" section of the policy, as well as whether the notice prejudice rule applies to "claims

11  made" policies such as the insurance policy in this case.  Plaintiff requests leave to amend the complaint

12  in a variety of ways, such as to allege that based upon communications between WHEF and defendant,

13  WHEF believed that there would be liability coverage for any claims made when WHEF's policy was

14  in full force and effect; to add essential terms of the insurance policy that was issued by defendant for

15  the period from April 4, 2008 to April 4, 2009; and to allege additional causes of action.

16         The Court is inclined to agree with defendant that as currently plead, the complaint does not

17  allege facts showing how the claim was timely reported under the policy.[2]  However, the Court will

18  grant plaintiff leave to amend to add allegations showing that plaintiff's claim is not barred.  *See, e.g.*,

19  *Root v. American Equity Specialty Insurance Co.,* 130 Cal. App. 4th 926, 929 (Cal. Ct. Appeal 2005)

20  (holding that where a reporting requirement is an express condition precedent to coverage in an

21  insurance policy, the reporting requirement may be "equitably excused" so as to avoid forfeiture under

22  the particular circumstances of a case).  Plaintiff may also add new theories or causes of action if they

23  are viable.

24                                                   **CONCLUSION**

25  ─────────────────

26        [2] Plaintiff also contends that even if the claim was untimely, defendant was not prejudiced by
    delayed reporting.  However, plaintiff does not cite any authority for the proposition that the notice
    prejudice rule applies to claims made policies, and defendant cites case law directly to the contrary. *See*
27  *Slater v. Lawyers' Mutual Insurance Co.*, 227 Cal. App. 3d 1415, 1422-23 (Cal. Ct. Appeal 1991);
    *Pacific Employers Insurance Co. v. Los Angeles Sup. Court*, 221 Cal. App. 3d 1348, 1357-60 (Cal. Ct.
28  Appeal 1990).

                                                         3

1       For the foregoing reasons and for good cause shown, the Court hereby GRANTS defendant's

2    motion to dismiss the complaint, and GRANTS plaintiff leave to amend the complaint (Docket No. 8).

3    Plaintiff shall file an amended complaint **no later than February 23, 2009**.

4

5       **IT IS SO ORDERED.**

6

7    Dated: February 11, 2009                              _____

8                                                          SUSAN ILLSTON
                                                           United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

4